IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

      Petitioner,

  v.            CASE NO. 20-3002-SAC

**KEITH SCHROEDER, et al.,**

      Respondents.

## ORDER OF DISMISSAL

This matter is before the Court on a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se and seeks leave to proceed in forma pauperis.

The Court has examined the petition under Rule 4 of the Rules Governing Habeas Corpus and finds the present petition is a second or successive application for relief.

### Background

Petitioner challenges his conviction in the District Court of Reno County, Kansas, in Case No. 03-CR-000173. That conviction was the subject of an earlier habeas corpus petition filed in this Court and assigned Case No. 19-3137-SAC. The Court dismissed that matter on October 2, 2019, as time-barred. *Strader v. Kansas*, 2019 WL 4858308 (D. Kan. Oct. 2, 2019), *aff'd*, ___ Fed. Appx. ___, 2019 WL 7288807 (10th Cir. Dec. 30, 2019)).

### Analysis

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under 28 U.S.C. § 2244(b), enacted as part of the AEDPA, "the filing of a second or successive § 2254 application is tightly constrained[]." *Case v. Hatch*, 731 F.3d 1015,

1026 (10th Cir. 2013). "Before a court can consider a second claim, an applicant must first 'move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Id*. (quoting 28 U.S.C. §2244 (b)(3)(A)). "Section 2244's gate-keeping requirements are jurisdictional in nature and must be considered prior to the merits of a § 2254 petition." *Id*. at 1027 (citing *Panetti v. Quarterman*, 551 U.S. 930, 942-47 (2007)); *see also In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)("A district court does not have jurisdiction to address the merits of a second or successive … § 2254 claim until this court has granted the required authorization.").

Where, as here, a petitioner presents a successive petition without the prior authorization required by statute, the district court may consider whether the matter should be transferred to the court of appeals under 28 U.S.C. §1631, rather than dismissed, if the transfer would be in the interest of justice. *See In re Cline*, 531 F.3d at 1252.

Because petitioner's earlier application, presented in Case No. 19-3137-SAC, was dismissed as time-barred, the Court concludes the present matter should be dismissed rather than transferred. The dismissal of this matter does not prevent petitioner from seeking authorization from the Tenth Circuit.

Finally, because this matter is dismissed for lack of jurisdiction, the Court declines to enter a certificate of appealability.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed as a second or successive application for habeas corpus. No certificate of appealability will issue.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed in forma pauperis is denied.

**IT IS SO ORDERED.**

DATED:  This 7th day of January, 2020, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge